UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br>CDCR #J-41016,<br><br>                              Plaintiff,<br><br>  vs.<br><br>D. PARAMO; L. ROMERO;<br>G. VALDOVINOS; O. NAVARRO<br><br>                            Defendants. | Case No.: 3:17-cv-0882-CAB-BLM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; (3) DENYING MOTION FOR PRELIMINARY INJUNCTION [ECF No. 3]; and (4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

    Duwayne Jackson (Plaintiff) is currently incarcerated at California State Prison - Sacramento located in Represa, California. He is proceeding pro se, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC") which is the operative pleading. (ECF No. 11) Plaintiff claims his

1

constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 1.)

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 8) and a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 13).

**I.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report and a Prison Certificate signed by a RJD accounting officer attesting to his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* ECF No. 3 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has had no money in his trust account for the 6-months preceding the filing of this action, and that he had a zero balance at the time of filing. *See* ECF No. 3 at 1-3. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).
/ / /

## II. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Plaintiff's Complaint is subject to a *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds that while Plaintiff has not shown, for the reasons discussed below, that he is entitled to preliminary injunctive relief, his Complaint nevertheless contains factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges Eighth and Fourteenth Amendment claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel to assist him in this matter. (ECF No. 9.) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103, quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Applying these factors to Plaintiff's case, the Court **DENIES** his Motion to Appoint Counsel because a liberal construction of his original pleadings shows he is capable of articulating the factual basis for his claims. All documents filed by pro se litigants are construed liberally, and "a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings . . . be construed so as to do justice."

The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be a trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman,* 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## IV. Motion for Preliminary Injunction

Plaintiff also seeks a preliminary injunction ordering Defendant Paramo to "arrange for the Plaintiff to be examined by a qualified out of prison orthopedic specialist and to obtain from that specialist an evaluation of the conditions of Plaintiff's left hand fifth pinky finger." (Pl.'s Mot, ECF No. 13, at 7.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants,

6

3:17-cv-0882-CAB-BLM

employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

Finally, the PLRA further requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

First, because Plaintiff's case is still in its preliminary screening stage, the United States Marshal has yet to effect service on his behalf, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. *See* FED. R. CIV. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at

7

3:17-cv-0882-CAB-BLM

727-28. Moreover, Plaintiff describes allegations of inadequate medical care while at RJD but Plaintiff is now housed at a different prison and was residing at this new prison at the time he filed this Motion. Thus, the Court has no personal jurisdiction over prison officials at his current place of confinement as they are not parties to this action.

Second, even if the Court had personal jurisdiction over the entities or persons Plaintiff seeks to enjoin, he has failed to establish the imminent irreparable harm required to support a preliminary injunction. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." *Claiborne v. Blauser*, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), *report and recommendation adopted*, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011).

Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. FED. R. CIV. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674-75. Plaintiff claims that he was given inadequate medical care at RJD but he does not describe any treatment that he is seeking at his current place of confinement. In his Motion, he states that Defendant Paramo should "arrange for the plaintiff to be examined by a qualified out of prison orthopedic specialist." (Pl.'s Mot., ECF No. 13, at 7.) However, Defendant Paramo is alleged to be the Warden for RJD and Plaintiff is not currently housed at RJD. Moreover, Plaintiff's claims regarding the medical care as it relates to his finger are not contained in the FAC nor are any of the named Defendants medical personnel at RJD.

/ / /

/ / /

8

3:17-cv-0882-CAB-BLM

Where a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

Therefore, the Court finds Plaintiff has failed to establish either a likelihood of success on the merits of his Eighth Amendment inadequate medical care claims at this stage of the proceedings, *or* the immediate or irreparable harm required to justify extraordinary injunctive relief. *Lyons*, 461 U.S. at 102; *see also Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it."). His Motion for Preliminary Injunction (ECF No. 13) is DENIED.

## V. Conclusion and Order

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 9);

5. **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 13);

///

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 11) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his FAC and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

7. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

8. **ORDERS** the named and served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been

was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: July 10, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge