UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>  Defendants. | Case No.: 17CV882-CAB (BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION REQUESTING ISSUANCE OF SUBPOENAS**<br><br>**[ECF No. 74]** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*. On September 5, 2018, Plaintiff filed two proposed subpoenas with the Court that were accepted on discrepancy on September 18, 2018. See ECF Nos. 73 and 74. While there is no legal or factual argument included with the proposed subpoenas, the Court interprets the filing to be a request for the issuance of the subpoenas pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45. Plaintiff seeks to serve subpoenas on Edore Ominicbo and D. Samuel, Associate Warden of California Men's Colony State Prison. ECF No. 74 at 1 and 4.

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. Plaintiff's

1

entitlement "to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal" is subject to certain requirements. Jeffery v. Bennge, 2008 WL 4584786, *1 (E.D. Cal. Oct. 14, 2008); see also Fed. R. Civ. P. 45; and 28 U.S.C. 1915(d). Specifically, the Court will only consider granting a request for issuance of a subpoena "if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents." Id. (citing Fed. R. Civ. P. 34). Plaintiff must identify with specificity the documents sought and from whom, and make a showing that the records are only obtainable through the third party. Id. In addition, Plaintiff's requests must fall within the scope of Fed. R. Civ. P. 26(b)(1).[1] See Gibson v. Beer, 2008 WL 2344340, *1 (E.D. Cal. June 5, 2008). Because personal service of a subpoena duces tecum is required, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Alexander v. California Dept. of Corrections, 2010 WL 5114931, *3 (E.D. Cal., Dec. 9, 2010) (quoting Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008)) (citing 28 U.S.C. § 1915(d)). Also, the "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Id. (quoting Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

Plaintiff does not identify with any specificity what he is seeking from Edore Ominicbo.

---

[1] Fed. R. Civ. P. 26(b)(1) state that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

ECF No. 74 at 1. The subpoena does not request Edore Ominicbo's attendance at a trail, hearing or deposition. Id. The subpoena also does not request any documents or information from Edore Ominicbo. Id. Accordingly, Plaintiff has failed to make a showing that the records he is seeking are only available through third party Edore Ominicbo or that the requests are within the scope of Fed. R. Civ. P. 26(b)(1). Given the lack of legal or factual argument from Plaintiff and the lack of information contained in the subpoena, the Court is unable to properly evaluate Plaintiff's request and, therefore, **DENIES** Plaintiff's request for the issuance of the proposed subpoena to Edore Ominicbo.

With regard to the subpoena for Associate Warden D. Samuel, Plaintiff seeks

> Document[s] which pertain to Plaintiff be[ing] retained in Administrative Segregation Unit at California Men[']s Colony State Prison on October 13, 2016[.] Also reasons why the Plaintiff was not released from ASU after being released from Department State Hospital on September 6, 2016[.] Please submit a Declaration of your reasons of why the Plaintiff was not released and retained and any other electronic[ally] stored information in the (sms).

ECF No. 74 at 4. Plaintiff has not argued or shown that the documents he seeks regarding his time in ASU are not equally available to him or only obtainable through Associate Warden D. Samuel. Since the records are concerning Plaintiff, it is unclear that he is unable to request the records himself from the appropriate entity. In fact, Plaintiff attached a Classification Committee Chrono from his October 13, 2016 hearing regarding his retention in ASU pending his completion of the disciplinary process as an exhibit to his SAC. See SAC at Exh. J. Plaintiff also attached a Classification Committee Chrono from his September 6, 2016 hearing regarding acceptance into the DSH Acute Program and release from DSH program. Id. at Exh. G. These attachments indicate that Plaintiff may be able to obtain the relevant documents without the assistance of a third party.

Additionally, "a subpoena duces tecum cannot be used to order the production of an affidavit." West v. Dizon, 2014 WL 114659, at *1 (E.D. Cal. Jan. 9, 2014) (denying plaintiff's request for a subpoena to obtain sworn declarations from other inmates) (quoting Johnson v. Dovey, 2010 WL 1957278 at * 1 (E.D. Cal. May 14, 2010)). In accordance with Fed. R. Civ. P.

| | |
|---|---|
| 1 | 45, a subpoena "may command a person to attend a trial, hearing, or deposition" or produce |
| 2 | "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(c)(1-2). |
| 3 | "An unexecuted and likely undrafted declaration of a non-party is not an existing document in |
| 4 | anybody's possession, custody or control. Therefore, a request to subpoena a non-party to |
| 5 | produce an affidavit, such as plaintiff is requesting here, is beyond the scope of Rule 45." West, |
| 6 | 2014 WL 114659, at *1 (citing Johnson, 2010 WL 1957278 at * 1). Because Plaintiff has not |
| 7 | shown that the records he seeks are only available through Associate Warden D. Samuel, and |
| 8 | because a declaration is not something that can be properly obtained through a Fed. R. Civ. P. |
| 9 | 45 subpoena, the Court **DENIES** Plaintiff's request for the issuance of the proposed subpoena |
| 10 | to Associate Warden D. Samuel. |

**IT IS SO ORDERED**.

Dated: 9/21/2018

Hon. Barbara L. Major
United States Magistrate Judge