UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>                    Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                    Defendants. | Case No.:  17CV882-CAB (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF NO. 78]** |

On September 24, 2018, Plaintiff submitted a motion for appointment of counsel that was accepted by the Court on discrepancy on October 10, 2018. See ECF Nos. 77 and 78. Plaintiff argues that counsel should be appointed in part because he "has a serious mental illness and a high risk of decompensation, depression, anxiety, bipolar disorder, which may result into a mental health hospital at times." ECF No. 78 at 2. In support of his claim, Plaintiff attaches records from the Department of Corrections and Rehabilitation and the Office of Administrative Hearings for the State of California. Id. at 11 - 21. Plaintiff further argues that counsel should be appointed because (1) his case is complex, (2) his case requires medical experts, (3) the parties have demanded a jury trial, (4) discovery will be required, (5) the parties will have differing positions, (6) he only has a junior high school education and no legal education, (7) he

1

has limited access to legal materials due to his placement in the Administrative Segregation Unit and no ability to investigate his case, and (8) he is indigent. Id. at 3-4 and 6-8.

### A. Appointment of Counsel

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### B. Competency

In Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005)[1], the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A")). In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant

---

[1] While Allen was written in the context of a habeas case, it has been applied in cases under section 1983. See Tran v. Gore, 2013 WL 692089, *3 (S.D. Cal. Feb. 25, 2013) (citing McElroy v. Cox, 2009 WL 4895360, *3 (E.D. Cal. Dec. 11, 2009) (a § 1983 case where "Judge Battaglia applied *Allen* and found that there was no nexus between Plaintiff's mental disorder and his ability to articulate his claims.").

medical records.  Allen, 408 F.3d at 1151-53.

**C. Discussion**

The Court has reviewed all of the documents filed by Plaintiff in this case including the instant motion, the complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a prisoner trust fund account statement (ECF No. 3), a prisoner trust fund certification (ECF No. 4), several notices of change of address (ECF Nos. 5, 16, 17, and 38), the First Amended Complaint (ECF No. 11), a previous motion for appointment of counsel (ECF No. 9), a motion for temporary restraining order (ECF No. 13), motion for default judgment (ECF No. 23), several oppositions to Defendants' various motions to dismiss (ECF Nos. 28, 58, 71, and 72), a supplemental exhibit to the opposition (ECF No. 30), a motion for judgment on the proceedings (ECF No. 35), the Second Amended Complaint (ECF No. 37), a motion for order directing California State Prisons in Los Angeles County to Stop Disapproval of Mailing Legal Documents (ECF No. 48), a motion for extension of time to oppose Defendants' motion to dismiss (ECF No. 53), two motions for a pre-trial conference of settlement (ECF Nos. 61 and 66), and a proposed subpoena (ECF No. 74).  From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case without legal assistance.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").  The Court previously denied Plaintiff's request for counsel [see ECF No. 14] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy.  See ECF No. 78.  Further, Plaintiff has not demonstrated a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]."  Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331

It is unclear if Plaintiff is requesting the appointment of counsel on the ground that he is incompetent due to a mental illness or disability.  While Plaintiff has provided evidence of a

psychiatric condition, the evidence establishes the condition is being controlled with medication (at least through August 15, 2019). See ECF No. 78 at 19-21. Plaintiff has not submitted the required "substantial evidence" of <u>incompetence</u> to warrant a competency hearing. Plaintiff does not allege that the mental illness he suffers from prevents him from understanding and responding to court orders. Additionally, the Court's review of Plaintiff's filings in this matter does not support such a position. Accordingly, the Court finds there is no basis for a competency hearing and therefore no need to appoint counsel to participate in that hearing.

Because Plaintiff has not alleged the requisite "exceptional circumstances," the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: 10/11/2018

Hon. Barbara L. Major
United States Magistrate Judge