UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>                                  Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                                  Defendant. | Case No.:  17cv882-CAB-BLM<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 80]; AND (2) GRANTING MOTIONS TO DISMISS [Doc. Nos. 42, 62, 69]** |

On April 26, 2018, Defendants D. Paramo, L. Romero and G. Valdovinos filed a motion to dismiss the Second Amended Complaint ("SAC") as to Defendant Paramo and as to Plaintiff's due process claim against all defendants.  [Doc. No. 42.]  On July 9, 2018, Defendants L. Coronado, D. Clayton and M. Deel filed a motion to dismiss the SAC.  [Doc. No. 62.]  On July 30, 2018, Defendant Teresa Geisinger filed a motion to dismiss the SAC.  [Doc. No. 69.]  Plaintiff filed oppositions to the motions. [Doc. Nos. 58, 71 and 72.] Defendant Geisinger filed a reply to the opposition.  [Doc. No. 76.]

On October 12, 2018, Magistrate Judge Barbara L. Major prepared a Report and Recommendation ("Report") recommending that the motions to dismiss be granted. [Doc. No. 80.] The Report also ordered that any objections were to be filed by November 7, 2018. [Report at 28.] To date, no objection has been filed, nor have there been any requests for an extension of time in which to file an objection.

1

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely filed objections to the Report. Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Major's Report and Recommendation; and (2) **GRANTS** the motions to dismiss as follows:

a. The motion to dismiss the Eighth Amendment claim as to Defendant Paramo is **GRANTED WITHOUT LEAVE TO AMEND**;[1]

b. The motion to dismiss Plaintiff's due process claim as to all defendants is **GRANTED WITHOUT LEAVE TO AMEND**;

---

[1] The Clerk of the Court shall **TERMINATE** Defendant Paramo from the case.

c. The motion to dismiss Plaintiff's Eight Amendment claim of deliberate indifference to his medical needs against Defendant Coronado is **GRANTED WITH LEAVE TO AMEND**;

d. The motion to dismiss Plaintiff's Eight Amendment claim of deliberate indifference to his medical needs against Defendant Clayton is **GRANTED WITH LEAVE TO AMEND**;

e. The motion to dismiss Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs against Defendant Deel is **GRANTED WITH LEAVE TO AMEND**;

f. The motion to dismiss Plaintiff's Eight Amendment claim of deliberate indifference to his medical needs against Defendant Geisinger is **GRANTED WITH LEAVE TO AMEND.**

g. If Plaintiff wishes to amend his Eighth Amendment claims against Defendants Coronado, Clayton, Deel and Geisinger, he may file a Third Amended Complaint ("TAC") by **December 14, 2018**. Plaintiff is reminded that his TAC must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the TAC will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")[2]

/ / / / /

---

[2] Plaintiff may not reassert his claims against Defendant Paramo, nor his due process claim against all defendants.

h. If Plaintiff does not file a Third Amended Complaint by December 14, 2018,[3] then all remaining defendants shall **answer** the SAC, as amended by this order, by **December 28, 2018**.

**IT IS SO ORDERED.**

Dated: November 9, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] If a TAC is not filed by December 14, 2018, then the Clerk shall **TERMINATE** Defendants Coronado, Clayton, Deel and Geisinger from the case.

17cv882-CAB-BLM