UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>                          Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                         Defendants. | Case No.: 17CV882-CAB (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF Nos. 82 and 90]** |

Currently before the Court is Plaintiff's November 26, 2018 motion to compel discovery [see ECF No. 90 ("MTC")] and Defendant O. Navarro's December 18, 2018 opposition to the motion [see ECF No. 93 ("Oppo.")].

**RELEVANT BACKGROUND**

On July 14, 2018, Plaintiff propounded his first request for production of documents to Defendant Navarro. MTC at 5-9. Defendant responded to the requests on August 16, 2018. Id. at 16-23; see also Oppo. at 2. In addition to the written responses and objections, Defendant served a privilege log, the declaration of the litigation coordinator at RJ Donovan, and produced 184 pages. Id. at 12-15, 24-25; see also Oppo. at 2.

On October 17, 2018, Plaintiff submitted a motion for order compelling discovery that

1

was accepted by the Court on discrepancy on October 31, 2018. See ECF Nos. 81 and 82. Plaintiff's motion argued that Defendant Navarro failed to fully respond to Plaintiff's Requests for Production of Documents ("RFPs") Nos. 1- 13. ECF No. 82 at 1. Plaintiff attached a copy of the RFPs and Defendant Navarro's responses to the requests. Id. at 13-22. Plaintiff complained that Defendant Navarro objected to the RFPs as "irrelevant," argued that "each item sought by the Plaintiff is relevant to the claims and defenses in the case," and asserted that he is seeking grievances and complaints regarding inmate mistreatment by Defendant Navarro. Id. at 1-2. The Court's review of Plaintiff's motion revealed that the attached RFP responses did not include relevancy objections. Id. at 13-22. Moreover, Plaintiff's argument discussed in detail an "Item 1" seeking

> any and all grievances; complaints or other documents received by the defendants or their agents at Richard J. Donovan Correctional Facility concerning mistreatment of Inmates by defendants Paramo, Romero, Valdovinos, Navarro and any memoranda, investigative files or documents created in response to such documents since August 2, 2016[,]

but that was not what was sought in the attached RFP No. 1s. Id. at 2, 13-14 and 21. None of the fifteen RFPs attached to the motion requested the types of grievances or complaints that Plaintiff stated he was seeking. Id. at 13-22. Given these inconsistencies, and in order to enable the Court to properly consider Plaintiff's request, the Court ordered Plaintiff to refile his motion to compel on or before November 27, 2018 (1) clearly identifying each discovery request to which Plaintiff is seeking to compel further response, (2) including a copy or verbatim statement of each RFP Plaintiff is moving to compel and Defendant Navarro's response to it and, (3) explaining in detail, why Plaintiff is seeking the information, how the requested information is relevant to the case, and why Defendant Navarro's response is improper or insufficient. ECF No. 83 at 2. Defendant Navarro was ordered to file his opposition to the motion on or before December 18, 2018. Id. at 3. The parties timely filed their motion and opposition. See MTC and Oppo.

///
///

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "The party seeking production of the documents bears the burden of proving that the documents are in the other party's possession, custody, or control." Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016) (citing United States v. Int'l Union of Petroleum &

Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).

## **DISCUSSION**

Plaintiff seeks to compel further response from Defendant Navarro to RFPs No. 1-3. MTC. Defendant contends that he has fully complied with Plaintiff's Requests and that Plaintiff's motion should be denied in its entirety. Oppo.

### A. Request for Production No. 1

Plaintiff seeks to compel further response to RFP No. 1. MTC at 2. RFP No. 1 seeks "all documents that pertain verify or suggest for inspection within the served Parties Possession or control to measure, survey or copy. "CDCR's" employee or officer employee, liability insurance Policy of Defendant Navarro." MTC at 6. Defendant responded to RFP No. 1 by stating that the "CDCR is self-insured and as such, no responsive documents exist." Id. at 17.

Plaintiff argues that the information being sought is relevant to his claim of "vicarious liability of the employee wrongful acts necessary incidental to his work" and that Defendant's response is incomplete. Id. at 2. Defendant contends that "[b]y explaining that no responsive document exists, Defendant has fully complied with his discovery obligations. Indeed, Defendant cannot be ordered to produce documents that do not exist." Oppo. at 3. Defendant Navarro notes that Plaintiff's only claim against him is for violations of the Eighth Amendment and that Plaintiff has not asserted a vicarious liability claim against him. Id. at 3 n.1.

Defendant has responded that no responsive documents exist. Plaintiff has not provided any reason or evidence indicating that this response is untruthful and the Court has no reason to believe that Defendant is withholding responsive documents. Accordingly, Plaintiff's motion to compel further response to RFP No. 1 is **DENIED**.

### B. Request for Production No. 2

Plaintiff seeks to compel further response to RFP No. 2. MTC at 2. RFP No. 2 seeks "all documents that verify, pertain or measure to inspect or copy what CDCR's Policy on the controlled use of force non lethal [sic] weapons." Id. at 6. Defendant responded to RFP No. 2 stating

> Defendant objects to this request on the ground that it is vague and ambiguous in

4

> its request for "all documents" that "verify, pertain or measure." Further, to the extent it seeks documents that "pertain" to policies, it includes documents protected by the attorney client privilege and the attorney work product doctrine. Without waiving these objections, defendant responds as follows: CDCR's policy on the controlled use of force involving non-lethal weapons is contained in Title 15 which is publicly available.

Id. at 17.

Plaintiff argues that the information being sought is "relevant to the claim cause of action" and that Defendant provided an evasive answer and withheld the information for policy reasons. Id. at 2-3. Defendant contends that "no further disclosure can be compelled because Defendant has fully responded and there are no additional documents to produce." Oppo. at 4. Defendant also contends that since Plaintiff has access to Title 15, he does not need to produce Title 15 and that Plaintiff has failed to establish why Defendant's response is inadequate or that the privilege objection is unjustified. Id. at 4 n.3.

Plaintiff's request as written is overbroad and seeks irrelevant documents and potentially privileged information. Plaintiff "bears the burden of demonstrating why [Defendant's] objections are not justified." Burnett v. Sedillo, 2018 WL 4923519, at *2 (E. D. Cal. Oct. 10, 2018) (citing Grabek v. Dickinson, 2012 WL 113799, at *1 (E. D. Cal. Jan. 13, 2012) and Ellis v. Cambra, 2008 WL 860523, at *4 (E. D. Cal. Mar. 27, 2008)). Plaintiff has not done so. Accordingly, Plaintiff is not entitled to the additional documents described in his request. However, the Court finds that Defendant's response is insufficient as Tile 15 of the United States Code is voluminous and contains many provisions inapplicable to Plaintiff's RFP. Defendant Navarro therefore, must supplement his response by providing the specific sections of Title 15 that contain the CDCR policy on "the controlled use of force non lethal [sic] weapons." MTC at 6; see also Oppo. at 3. In addition, if Defendant Navarro has possession, custody, or control of, or a legal right to obtain, any relevant policies governing the use of non-lethal force or weapons, he must produce them. Accordingly, Plaintiff's motion to compel further response to Request No. 2 is **GRANTED IN PART**.

///

C. Request for Production No. 3

Plaintiff seeks to compel further response to RFP No. 3. MTC at 3. RFP No. 3 seeks "all documents that relate or pertain to CDCR Incident Reports of the Plaintiff on the dates of August 2, 2016 and January 16, 2017 within the Parties Possession or control to inspect, measure, survey or copy." Id. at 6. Defendant responded to RFP No. 3 stating

> Defendant objects to this request on the ground that it is overly broad in its request for "all documents that relate or pertain to" various Incident reports and on the ground that by including the phrase "relate or pertain to" Incident reports, the request seeks documents protected by the attorney client privilege and the attorney work product doctrine. Without waiving these objections, Defendant responds as follows: Defendant hereby produces the August 2, 2016 Incident Report, No. RJD-C14-16-08-0393Al, and the January 16, 2017 Incident Report, No. RJD-CYD-17-01-0018Al.

Id. at 17.

Plaintiff argues that the information being sought is relevant to his August 2, 2016 and January 16, 2017 incident reports which are inconclusive and do not contain CDCR forms 3010-A, 3011 A, 3012 A, 3034 A and 3036 A, which are being improperly withheld by Defendant. Id. at 3. Defendant contends that Plaintiff has again failed to meet his burden of establishing the inadequacy of Defendant's responses. Oppo. at 5. Defendant further contends that the documents Plaintiff seeks are beyond the scope of the demand as he produced the requested incident reports and the five CDCR forms that Plaintiff mentions are "not Incident Reports nor are they part of the Incident Reports" and, therefore, not responsive the RFP No. 3. Id. at 6. Defendant notes that there are no CDCR 3034 or 3036 forms related to the August 2, 2016 incident report. Id. at 6 n.5. Defendant further notes that even if the CDCR forms were responsive to the request, they would be protected by the Official Information Privilege. Id. at 6. Defendant argues that he did not assert the Official Information Privilege in response to Request No. 3 because "the request did not solicit such documents, and as such the privilege does not apply." Id. at 6 n.6.

As an initial matter, Defendant's contention that the forms are outside of the scope of

6

Plaintiff's demand is unpersuasive. Plaintiff requested all documents that relate to the January and August Incident Reports, not only the reports themselves. Oppo. at 6; see also MTC at 3. While Defendant argues that the requested forms are "part of the Manager's Review/Use of Force Critique Package" and not an Incident Report or part of an Incident Report, Defendant's argument that the forms are nonresponsive is defeated by the declaration of Associate Warden J. Juarez. Associate Warden Juarez declares that a Use of Force Critique Package "typically includes a Crime Incident Report; inmate disciplinary rule violation reports; information about the injuries sustained by officers, inmates, and prison staff; the identity of other officers whose statements appear in the report; and the reviewing officials' assessment of the use of force." MTC at 14. As such, there is sufficient evidence that forms relating or pertaining to the incident reports were not produced. Plaintiff therefore has satisfied his burden of establishing why Defendant's response to RFP No. 3 may be inadequate.

Defendant contends that even if the requested forms were responsive to Plaintiff's RFP, they are protected by the Official Information Privilege. "Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). The party asserting the privilege has the initial burden of proving the applicability of the privilege. See Kelly v. City of San Jose, 114 F.R.D. 653, 669–71 (N.D.Cal.1987); see also Hampton v. City of San Diego, 147 F.R.D. 227, 230 (S.D.Cal.1993) ("Through this opinion, this court is hereby joining the Northern District's and Central District's procedures outlined in Kelly v. City of San Jose, 114 F.R.D. 653 (N.D.Cal.1987) and Miller v. Pancucci, 141 F.R.D. 292 (C.D.Cal.1992) for invoking the official information privilege"); Stewart v. City of San Diego, 2010 WL 4909630, at *1 (S.D. Cal. 2010) (applying Kelly). A party seeking to invoke the official information privilege in response to a discovery request must serve a timely discovery response specifically identifying the official information privilege as a basis for its objection. Kelly, 114 F.R.D. at 669. The objection must be accompanied by a declaration or affidavit "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration."

7

Id. The affidavit or declaration must include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Id. at 670. "If the non-disclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this initial burden, the court generally conducts an *in camera* review of the material and balance each party's interests." Bryant v. Armstrong, 285 F.R.D. 596, 605 (S.D. Cal. 2012).

The balance test requires that "courts must weigh the potential benefits of disclosure against the potential disadvantages." Sanchez, 936 F.2d at 1033-34. The Kelly court provided a non-exhaustive list of factors (taken from Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973)) that may be considered when engaging in this weighing process: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the

8

importance of the information sought to the plaintiff's case. Kelly, 114 F.R.D. at 663. In making this determination, courts must conduct "a situation specific analysis of the factors made relevant by the request in issue and the objection to it." Id. In civil rights cases against police departments, the balancing test should be "moderately pre-weighted in favor of disclosure." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 661).

Defendant states that the requested forms are "part of the Manager's Review/Use of Force Critique Package prepared by the Institutional Executive Review Committee ("IERC")" and should not be produced as they are protected by the Official Information Privilege. Oppo. at 6. The Court is not familiar with the identified forms and Defendant did not provide them. However, Defendant has provided a declaration from Associate Warden J. Juarez regarding these documents.[1] The declaration states that Associate Warden J. Juarez is familiar with the "CDCR's use-of-force policies, procedures, reviews of staff use of force, and the accompanying records generated," has personal knowledge of the matters discussed in the declaration, and personally reviewed the Use of Force Critique Packages at issue. MTC at 12, 14. The declaration also states that the CDCR has maintained the confidentiality of its use-of-force policies and procedures and that Use of Force Critique Packages are produced with the expectation that they will remain confidential. Id. at 13-14. The declaration further states that the CDCR's interest in

---

[1] Associate Warden J. Juarez declares that the Use of Force Critique Package is generated when force is used by an officer and typically includes a

> Crime Incident Report; inmate disciplinary rule violation reports; information about the injuries sustained by officers, inmates, and prison staff; the identity of other officers whose statements appear in the report; and the reviewing officials' assessment of the use of force.

MTC at 14. Defendant already has provided Plaintiff with the two Crime Incident Reports. Based on its experience with these types of cases, the Court assumes that Plaintiff also has been provided with or has the ability to obtain disciplinary rules violation reports concerning his own violations. Plaintiff also is aware of the injuries that he sustained as a result of the August 2016 and July 2017 incidents. Accordingly, while the Court is not familiar with the specific forms being requested, it appears that the Official Information Privilege does not apply to the entire Manager's Review/Use of Force Critique Package.

9

obtaining the opinions, assessments, and statements of officers regarding force used by other officers and the overall efficacy of the review process could be compromised by the disclosure of the Packages to Plaintiff. Id. at 14. In addition, Associate Warden J. Juarez declares that there is a safety interest that would be compromised with disclosure because once inmates are knowledgeable about an institution's use-of-force policies and procedures, they will be able to strategically plan attacks to maximize success by knowing the response they will get from officers. Id. at 13. Finally, the declaration states that inmate privacy interests would be threatened with disclosure as inmates would be less likely to cooperate with investigations so as to not be labeled a "snitch" or be seen as crossing another inmate. Id. at 14-15. The declaration notes that even with a protective order governing the disclosure, there would be a substantial risk of harm because inmates who are not subject to a protective order could obtain the confidential information allowing that information to be disseminated throughout the prison. Id. at 15. Finally, Associate Warden J. Juarez declared that "[g]iven that inmate Jackson is currently serving a long prison term sentence, it is my belief that any civil sanction associated with violating a protective order would be an ineffective deterrent." Id.

The Court finds that Defendant has satisfied the threshold requirement for application of the Official Information Privilege. Accordingly, the Court will perform an *in camera* review of the requested documents so that the Court may engage in a balancing analysis to determine whether the Official Information Privilege applies. Defendant must lodge a copy of forms 3010-A, 3011 A, 3012 A, 3034 A and 3036 A related to the January 16, 2017 Incident Report and a copy of forms 3010-A, 3011 A, and 3012 A related to the August 2, 2016 Incident with the Court for *in camera* review on or before **February 1, 2019**. Defendant also must identify which portions of the Use of Force Critique Package already have been provided to Plaintiff and which portions Defendant believes are protected by the Official Information Privilege. The Court will then review the documents and issue an order regarding Plaintiff's motion to compel further response to RFP No. 3.

D. Personnel Records

Without tying it to a specific Request for Production, Plaintiff states in his motion that he

"seeks documents pertaining to particular kinds of Complaints and allegations about the defendants. Whether or not they are part of 'Personnel records.' He does not seek other matters that may be in the 'Personnel Records.' Such as medical data or information about their records of lateness, leaves, vacations. Etc." MTC at 3. Plaintiff argues that such complaints are relevant to his claim of supervisory liability against Defendant G. Stratton because despite the fact that complaints have been made against at least five of the six Defendants, no action has been taken against them. Id.

Defendant contends that the RFPs do not seek personnel records and that he did not assert the relevancy objection identified by Plaintiff. Defendant speculates that "Plaintiff seems to be addressing a discovery request that he propounded to a different defendant and that defendant's response to that request." Oppo. at 5-6 n.4. Accordingly, Defendant contends that Plaintiff's argument should be disregarded.[2] Id.

RFPs 1-3 do not seek use of force complaints against Defendant Navarro or any other officers. Moreover, Plaintiff's justification for the relevancy of the complaints is without merit as G. Stratton is not a defendant in this case. Because Plaintiff did not request use of force complaints in his RFPs, his informal request in the body of his motion to compel is **DENIED**.

## **CONCLUSION**

Plaintiff's motion to compel further response to Requests for Production Nos. 1 is **DENIED**.

Plaintiff's motion to compel further response to RFP No. 2 is **GRANTED IN PART**. Defendant Navarro, must supplement his response to RFP No. 2 in accordance with this order on or before **February 1, 2019**.

Defendant Navarro must lodge the documents responsive to RFP No. 3 with Judge Major's Chambers on or before **February 1, 2019**. An order regarding Plaintiff's motion to compel RFP No. 3 will follow.

---

[2] G. Stratton is not named as a Defendant in this case. See Docket; see also ECF No. 37 (Plaintiff's Second Amended Complaint).

11

Plaintiff's request for officer complaints is **DENIED**.

**IT IS SO ORDERED**.

Dated: 1/17/2019

Hon. Barbara L. Major
United States Magistrate Judge