UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>         Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>         Defendants. | Case No.: 17CV882-CAB (BLM)<br><br>**ORDER FOLLOWING IN CAMERA REVIEW** |

  On October 17, 2018, Plaintiff submitted a motion for order compelling discovery that was accepted by the Court on discrepancy on October 31, 2018. See ECF Nos. 81 and 82. The motion was insufficient a number of ways. ECF No. 83. After identifying the inconsistencies and deficiencies within Plaintiff's motion, the Court ordered Plaintiff to file a revised motion on or before November 27, 2018. ECF No. 83.

  Plaintiff filed a new motion to compel on November 26, 2018. ECF No. 90. Defendant O. Navarro opposed the motion on December 18, 2018. ECF No. 93. On January 17, 2019, the Court entered an order granting in part and denying in part Plaintiff's motion to compel. ECF No. 100. In the order, the Court found that with respect to Plaintiff's request to compel further

1

response to Request for Production ("RFP") No. 3, Defendant satisfied the threshold requirement for application of the Official Information Privilege.  Id. at 10.  The Court then ordered Defendant to lodge a copy of forms 3010-A, 3011 A, 3012 A, 3034 A and 3036 A related to the January 16, 2017 Incident Report and a copy of forms 3010-A, 3011 A, and 3012 A related to the August 2, 2016 Incident with the Court for *in camera* review on or before February 1, 2019, so that the Court could determine whether the Official Information Privilege applies.  Id.  The Court further ordered Defendant to "identify which portions of the Use of Force Critique Package already have been provided to Plaintiff and which portions Defendant believes are protected by the Official Information Privilege."  Id.

On February 1, 2019, Defendant filed a response to the Court's January 17, 2019 order stating:

> The Court [] ordered Defendant to identify which portions of the Use of Force Critique Package have already been produced to Plaintiff and which portions Defendant believes are protected by the Official Information Privilege.  In response, Defendant has not provided any of the Use of Force Critique Package to Plaintiff with the exception of the Crime Incident Report's - form 837.  Defendant maintains his position that the Use of Force Critique documents, which are concurrently lodged for *in camera* review [see ECF No. 103] are protected by the Official Information privilege.

ECF No. 102.

After a thorough review, the Court finds that the Official Information Privilege applies to all of the documents that have been submitted for *in camera* review.  As set forth in the Court's previous order, when a party satisfies the threshold requirement for application of the Official Information Privilege, the Court will perform an *in camera* review of the requested documents so that the Court may perform the required balancing analysis to determine the applicability of the Official Information Privilege. ECF No. 100 at 10.  The test requires that "courts must weigh the potential benefits of disclosure against the potential disadvantages."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  In civil rights cases against police departments [or correctional officers], the balancing test should be "moderately pre-weighted

in favor of disclosure." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661. (N.D. Cal. 1987)).

After reviewing the Kelly factors[1] and balancing the potential benefits of disclosure against the potential disadvantages of disclosure, the Court finds that that the factors weigh in favor of nondisclosure. Specifically, while the Court finds that Plaintiff's case is non-frivolous and brought in good faith, and that the discovery is unavailable from other sources, the submitted documents contain the types of evaluative summaries and comments that weigh in favor of nondisclosure and will not aid in Plaintiff's pursuit of this matter. Accordingly, the Court finds that Defendant Navarro has properly asserted the Official Information Privilege and that the privilege bars disclosure of forms 3010-A, 3011 A, 3012 A, 3034 A and 3036 A related to the January 16, 2017 Incident Report and forms 3010-A, 3011 A, and 3012 A related to the August 2, 2016.

**IT IS SO ORDERED**.

Dated: 2/6/2019

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] The Kelly court provided a non-exhaustive list of factors (taken from Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973)) that may be considered when engaging in this weighing process: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. Kelly, 114 F.R.D. at 663.