UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>                                   Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                                   Defendants. | Case No.: 17CV882-CAB (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF NO. 123]** |

On April 9, 2019, Plaintiff submitted a motion for appointment of counsel that was received by the Court on April 25, 2019 and accepted by the Court on discrepancy on April 26, 2019. See ECF Nos. 122-123. Plaintiff argues that counsel should be appointed in part because he is indigent and incarcerated with limited access to legal materials. ECF No. 123 at 1-2. Plaintiff also argues that the appointment of counsel is necessary to assist him in obtaining discovery. Id. Plaintiff notes that he has reached out to several attorneys about representing him, but has not received any responses. Id. at 2. Finally, Plaintiff argues that his case is complex and that counsel will be needed for a jury trial which he has requested. Id. at 3.

## **Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an

indigent litigant may lose his physical liberty if he loses the litigation. See Olson v. Smith, 609 Fed. Appx. 370, 372 (9th Cir. 2015) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981)). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## Discussion

The Court has reviewed all of the documents filed by Plaintiff in this case including the instant motion, the complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a prison trust fund account statement (ECF No. 3), a prison trust fund certification (ECF No. 4), a notice of change of address (ECF No. 5), a previous motion for the appointment of counsel (ECF No. 9), the First Amended Complaint (ECF No. 11), a motion for a temporary restraining order (ECF No. 13), notices of change of address (ECF Nos. 16-17), a motion for default judgment (ECF No. 23), an opposition to Defendants' motion to dismiss (ECF No. 28), a supplemental exhibit to the opposition to Defendants' motion to dismiss (ECF No. 30), a motion for judgment on the proceedings (ECF No. 35), the Second Amended Complaint (ECF No. 37), a notice of change of address (ECF No. 38), a motion for order (ECF No. 48), a motion for an extension of time in which to file an opposition to Defendants' motion to dismiss (ECF No. 53), an opposition to Defendants' motion to dismiss the SAC (ECF No. 58), a motion for a pretrial settlement conference (ECF No. 66), proposed subpoenas (ECF No. 74), a motion to appoint counsel (ECF No. 78), a motion for order compelling discovery (ECF No. 82), a motion for leave to file a Third Amended Complaint (ECF No. 87), a motion to compel discovery (ECF No. 90), a supplemental document for the Third Amended Complaint (ECF No. 89), a notice of change of address (ECF No. 92), and a motion for order for a polygraph examination (ECF No. 113).

From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case without legal assistance. Under such circumstances, a district court does

2

not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). The Court previously denied Plaintiff's request for counsel [see ECF Nos. 14 and 79] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. See ECF No. 123. Further, Plaintiff has not demonstrated a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331.

Because Plaintiff has not alleged the requisite "exceptional circumstances," the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: 5/3/2019

Hon. Barbara L. Major
United States Magistrate Judge