UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>                                Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                              Defendants. | Case No.: 17CV882-CAB (BLM)<br><br>**ORDER REGARDING PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION FOR POLYGRAPH EXAMINATION**<br><br>**[ECF No. 130]** |

On April 2, 2019, Plaintiff submitted a Motion for Order of Polygraph Examination that was received by the Court on April 4, 2019 and accepted on discrepancy on April 5, 2019. ECF Nos. 112-113. Plaintiff sought an order requiring Defendants to administer a polygraph examination to Plaintiff regarding his allegations in the instant matter. ECF No. 113 at 1.

On April 24, 2019, Defendant O. Navarro timely opposed Plaintiff's motion. ECF No. 120. That same day Defendants L. Romero, and G. Valdovinos joined Defendant Navarro's opposition and filed an opposition of their own. ECF No. 121.

On May 1, 2019, the Court issued an order denying Plaintiff's motion for order of polygraph examination. ECF No. 124. In its order, the Court noted that Plaintiff sought additional discovery in the form of a polygraph examination to strengthen his case, but that both

1

fact and expert discovery in this matter closed on November 26, 2018. Id. at 2. The Court further noted that the Court did not have the authority to order the prison staff in Sacramento, where Plaintiff is housed, to administer such an examination and that the discovery Plaintiff sought was not proportional to the needs of the case in accordance with Federal Rule of Civil Procedure 26(b)(1). Id.

On May 20, 2019, Plaintiff submitted a Document entitled Objections to Order Denying Plaintiff's Motion for Order of Polygraph Examination that was received by the Court on June 3, 2019 and accepted on discrepancy on June 4, 2019. ECF Nos. 129-130. After reviewing Plaintiff's objections, the Court is unclear as to whether Plaintiff is asking the Court to reconsider its May 1, 2019 order or appealing the Court's order. See ECF No. 130.

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Plaintiff has not satisfied the requirements of a motion for reconsideration as his objections do not include any "new or different facts and circumstances . . . which did not exist, or were not shown, upon such prior application." ECF No. 130. Accordingly, if Plaintiff is seeking reconsideration of the Court's May 1, 2019 order, the request is **DENIED**.

**IT IS SO ORDERED**.

Dated: 6/7/2019

Hon. Barbara L. Major
United States Magistrate Judge