UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON, CDCR #J-41016, <br><br> Plaintiff, <br><br> vs. <br><br> L. ROMERO, Correctional Officer; <br> G. VALDOVINOS, Correctional Officer, et al., <br><br> Defendants. | Case No.: 3:17-cv-00882-CAB-BLM <br><br> **ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

Plaintiff Duwayne Jackson, a prisoner currently incarcerated at Kern Valley State Prison in Delano, California, is proceeding pro se and has been granted leave to proceed in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 14.

## I. Procedural History

Plaintiff initiated this case on May 2, 2017, by filing a complaint against four Richard J. Donovan Correctional Facility ("RJD") officials and alleging violations of his Eighth and Fourteenth Amendment rights while he was incarcerated at RJD in 2016 and 2017. *See* Compl., ECF No. 1. He amended his pleading twice, and on November 9, 2018, the Court dismissed all claims except those alleged in his Second Amended

1

Complaint ("SAC") against Defendants Navarro, Romero, and Valdovinos. *See* ECF Nos. 37, 84. On July 22, 2019, the Court granted summary judgment on behalf of Defendant Navarro, and granted in part and denied in part summary judgment on behalf of Defendants Romero and Valdovinos. *See* ECF No. 135. But Plaintiff's excessive force and retaliation claims against RJD Correctional Officers L. Romero and G. Valdovinos as alleged in his SAC require a trial on the merits. *See id.* at 43.

On July 30, 2019, the Court issued an Order setting pretrial dates in this matter, and on its own motion, elected to exercise its discretion to reconsider Plaintiff's earlier request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) in light of his anticipated need to present evidence and testimony at trial. *See* ECF No. 137. The Court cautioned Plaintiff that while there is no right to counsel in a civil case, and no guarantee that pro bono counsel would be located, it would refer his case to the Court's Pro Bono Panel. *Id.* at 4-5 (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). This Court's "Plan for the Representation of Pro Se Litigants in Civil Cases" provides for a pro bono counsel referral "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." S.D. Cal. Gen. Order 596. The Court has found that the ends of justice would be served by the appointment of pro bono counsel under the circumstances, and has since located volunteer pro bono counsel who has graciously agreed to represent Plaintiff pro bono during the upcoming trial and during the course of any and all further proceedings held before this Court in this case.

**II.   Conclusion and Order**

Accordingly, the Court hereby **APPOINTS** Alex Coolman, Esq., SBN 250911, of the Law Office of Alex Coolman, 3268 Governor Drive #390, San Diego, California, 92122-2902, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel shall file, within fourteen (14) days of this Order, if possible and in light of Plaintiff's incarceration, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such Notice will be considered approved by the Court upon its filing,

and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. See S.D. Cal. CivLR 83.3.f.1, 2.[1]

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Coolman with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 77.3.

**IT IS SO ORDERED**.

Dated: August 13, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Plaintiff is cautioned that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Plaintiff an attorney of his choosing, or guarantee him any additional Pro Bono Panel referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").

3
3:17-cv-00882-CAB-BLM