UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWAYNE JACKSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv882-CAB-BLM<br><br>**ORDER GRANTING MOTION TO REOPEN DISCOVERY [Doc. No. 141]** |

On September 20, 2019, Plaintiff Duwayne Jackson, now represented by counsel, filed a motion to reopen discovery. [Doc. No. 141.] On October 16, 2019, Defendants Romero and Valdovinos filed an opposition. [Doc. No. 149.] On October 23, 2019, Plaintiff filed a reply. [Doc. No. 150.] For the reasons set forth below, the motion is **GRANTED**.

DISCUSSION

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

1

17cv882-CAB-BLM

Courts have permitted the reopening of discovery where a state prisoner proceeding pro se moved to reopen discovery following the appointment or retention of counsel after the discovery cutoff date. In so doing, courts have considered not only the diligence of the prisoner in pursuing discovery, but also the necessity of additional discovery for trial preparation and for resolution of the matter on the merits. *See, e.g., Draper v. Rosario*, 2013 WL 6198945, at *1–2 (E.D.Cal. Nov.27, 2013) (court permitted *pro se* prisoner to reopen discovery when he acquired *pro bono* counsel after the discovery cut-off date; counsel alone did not entitle plaintiff to additional discovery, but limited additional discovery would serve the ultimate resolution of case on the merits); *Woodard v. City of Menlo Park*, 2012 WL 2119278, at *1–2 (N.D.Cal. June 11, 2012) (discovery reopened for *pro se* plaintiff who obtained counsel after the discovery cut-off date, noting that additional fact discovery would serve the interest of justice and the public policy of adjudicating cases on the merits); *Henderson v. Peterson*, 2011 WL 441206, at *2 (N.D.Cal. Feb.3, 2011) (court noted that despite *pro se* plaintiff's discovery efforts, he was unable to gain access to evidence that he might have obtained had he been represented by counsel).

Here, Plaintiff was reasonably diligent in pursuing discovery, especially given his *pro se* prisoner status. Once counsel was appointed to represent Plaintiff, counsel was diligent in reviewing the status of the case and requesting this modification. Moreover, the additional discovery requested by Plaintiff would serve the public policy of adjudicating cases on the merits, and the requested discovery is for evidence that Plaintiff most likely would have obtained had he been represented by counsel from the beginning of the case. Finally, Defendants will not be unduly prejudice. Therefore, the motion to reopen discovery is **GRANTED**.

## CONCLUSION

For the reasons set forth above, the motion to reopen discovery is **GRANTED** as follows:

1. Discovery is reopened for an additional sixty (60) days. During that time, Plaintiff may undertake the following discovery:

a. Further written discovery on both Defendants narrowly tailored to discovery of facts essential to the development of his claims;
   b. Production of key documentary evidence, including but not limited to a complete copy of Mr. Jackson's relevant medical records and the administrative record in this case; and
   c. the depositions of both Defendants.
2. A status conference shall be held on **January 3, 2020** at **1:30 p.m**. in Courtroom 4-C to discuss the status of discovery and set pretrial dates.

**IT IS SO ORDERED.**

Dated: October 30, 2019

Hon. Cathy Ann Bencivengo
United States District Judge